UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN DEL TORO,

    Plaintiff,

v.

VASUKI DARAM, et al.,

    Defendants.

No. 2:22-cv-0725 AC P

ORDER

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state law and has paid the filing fee.

I.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

1

1  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
2  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
3  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
4  Franklin, 745 F.2d at 1227-28 (citations omitted).

5      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
6  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
7  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
8  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
10 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
11 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
12 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
13 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
14 speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain
15 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
16 cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
17 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

18     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
19 relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
20 Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
21 content that allows the court to draw the reasonable inference that the defendant is liable for the
22 misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
23 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
24 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
25 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
26 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).
27 ////
28 ////

II. Complaint

The complaint asserts that defendants Daram and Antwong were negligent and violated plaintiff's rights under the Eighth Amendment. ECF No. 1. Specifically, plaintiff alleges that he injured his right, middle finger on August 30, 2021, and was sent for x-rays which were taken by Antwong the same day. Id. at 6. Between September 1 and October 25, 2021, plaintiff was seen multiple times by Daram, who failed to provide any treatment even though plaintiff's finger was very swollen and painful. Id. at 6-7. On October 25, 2021, Daram saw plaintiff for follow-up after a visit with a hand surgeon, and issued an urgent referral for hand surgery and a morphine prescription for pain. Id. at 7. On November 5, 2021, plaintiff had surgery on his hand and was told that because of the delay in getting surgery, he could lose mobility in his right finger. Id. at 8. Plaintiff asserts that he has in fact suffered permanent damage to his finger in the form of extremely limited range of motion and continued pain. Id.

III. Claims for Which a Response Will Be Required

Plaintiff has sufficiently alleged a claim for deliberate indifference against defendant Daram. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted) (deliberate indifference shown by a purposeful act or failure to respond to plaintiff's pain or medical need and harm cause by indifference).

IV. Failure to State a Claim

    A. Defendant Antwong

Plaintiff's only allegation against Antwong is that he took plaintiff's x-ray the same day it was ordered. This does not demonstrate that Antwong failed to respond to plaintiff's serious medical need or caused plaintiff harm, and there are no further allegations that would establish deliberate indifference.

    B. State Tort Law Claims

Plaintiff has failed to state claims for negligence because he has not alleged compliance with the Government Claims Act. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004) (for claims against the state, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint); Cal. Gov't

Code § 900.6 (defining "State" as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller").

V. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims for negligence or any claim against defendant Antwong. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires. Plaintiff may proceed forthwith to serve defendant Daram on his Eighth Amendment claim or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his Eighth Amendment claim against defendant Daram without amending the complaint, he will be provided with the forms necessary to complete service on the defendant. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the negligence claims and all claims against defendant Antwong.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an

amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.   Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the complaint state claims against the defendants and some do not.  You have stated a claim for deliberate indifference under the Eighth Amendment against defendant Daram.  You have not stated any claims for negligence because you have not alleged that you filed a notice of claim as required by the Government Claims Act.  You also have not stated any claims for deliberate indifference against Antwong because you have not alleged facts showing that he knew of and ignored an excessive risk to your health or safety.

You have a choice to make.  You may either (1) proceed immediately on your Eighth Amendment claim against Daram and voluntarily dismiss the other claims or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your negligence claims all claims against Antwong.  If you choose to file a first amended complaint, it must include all claims you want to bring.  Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the first amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e., file an amended complaint or serve defendant).

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's negligence claims and allegations against defendant Antwong do not state claims for which relief can be granted.

2. Plaintiff has the option to proceed immediately on his Eighth Amendment claim against defendant Daram as set forth in Section III above, or to amend the complaint.

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the negligence claims and all claims against defendant Antwong.

DATED: November 28, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEL TORO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VASUKI DARAM, et al.,<br><br>　　　　　Defendants. | No.  2:22-cv-0725 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendant Daram without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his negligence claims and all claims against defendant Antwong pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_  Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Steven Del Toro
　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se