UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEL TORO,<br><br>  Plaintiff,<br><br>  v.<br><br>VASUKI DARAM, et al.,<br><br>  Defendants. | No. 2:22-cv-0725 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state law. Plaintiff has paid the filing fee in this action. By order filed November 29, 2022, the undersigned screened the complaint and found that it stated an Eighth Amendment claim against defendant Daram but failed to state any claims for relief against defendant Antwong or under state law. ECF No. 5. Plaintiff was given the option to proceed on the complaint as screened or to amend the complaint and has now filed a first amended complaint. ECF No. 8.

I.     <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

1

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## II. First Amended Complaint

The first amended complaint asserts that defendants Daram and Antwong were negligent and violated plaintiff's rights under the Eighth Amendment. ECF No. 5. Specifically, plaintiff alleges that he injured the middle finger of his right hand on August 30, 2021, and, upon seeking medical attention, he was sent for x-rays which were taken by Antwong the same day. Id. at 6. Antwong, a radiologist, misinterpreted the x-ray results as normal, when plaintiff had in fact sustained a fracture. Id. at 6, 8. These results were relayed to Daram, plaintiff's doctor, who saw plaintiff multiple times between September 1 and October 25, 2021, and failed to provide any treatment despite plaintiff's finger being very swollen and painful. Id. at 6-8.

On October 20, 2021, plaintiff saw a hand surgeon who viewed the August 30, 2021 x-ray and diagnosed a dislocated fracture. Id. at 8. On October 25, 2021, plaintiff was seen by Daram as a follow up to his appointment with the surgeon, and Daram finally provided treatment by placing an urgent referral for hand surgery and prescribing morphine for the pain. Id. On November 5, 2021, plaintiff had surgery on his hand and was told that because of the delay in getting surgery, he could lose mobility in his right finger. Id. Plaintiff asserts that he has in fact suffered permanent damage to his finger in the form of extremely limited range of motion and continued pain. Id. Plaintiff alleges timely compliance with California's Government Claims Act. Id. at 6.

## III. Claims for Which a Response Will Be Required

Plaintiff has sufficiently alleged a claim for deliberate indifference against defendant Daram. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted) (deliberate indifference shown by a purposeful act or failure to respond to plaintiff's pain or medical need and harm cause by indifference). He has similarly alleged facts sufficient to state claims for negligence against Daram and Antwong. See Cal. Civ. Proc. Code § 340.5(2) (defining professional negligence as "a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal

injury"). Defendants will therefore be required to respond to the complaint.

The Clerk of the Court will be directed to issue the appropriate number of summonses to plaintiff for purposes of service of process. See Fed. R. Civ. P. 4. Plaintiff must complete service of process in accordance with Federal Rule of Civil Procedure 4 within sixty days from the date of this order unless he requests assistance under Federal Rule of Civil Procedure 4(c)(3).

IV.     Failure to State a Claim

There are no facts showing that Antwong knew of a risk to plaintiff's health or safety and then ignored it, and the allegation that Antwong negligently misinterpreted plaintiff's x-ray is not sufficient to state a claim for deliberate indifference. See Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's decision not to operate because he incorrectly believed plaintiff did not have a hernia was negligent misdiagnosis or disagreement with diagnosing doctor and did not constitute deliberate indifference).

V.      No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

For the reasons set forth above, the court finds that the complaint does not state a cognizable claim for deliberate indifference against defendant Antwong. Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide to state a claim for deliberate indifference against this defendant. Given the additional facts provided by plaintiff, it does not appear that further amendment would result in a cognizable claim. As a result, leave to amend would be futile and the deliberate indifference claim against Antwong should be dismissed without leave to amend.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated a claim for deliberate indifference under the Eighth Amendment against

defendant Daram.  You have also stated claims for negligence against Daram and Antwong.  However, you have not stated a claim for deliberate indifference against Antwong and it does not appear that you would be able to if given leave to amend.

**Because you are not proceeding in forma pauperis, you are responsible for serving the complaint on defendants within sixty days unless you request assistance of the court and the request is granted.**

In accordance with the above, **IT IS HEREBY ORDERED** that:

1. In accordance with 28 U.S.C. § 1915A, the court has screened and found service of the first amended complaint appropriate.  If a defendant either waives service or is personally served, that defendant is required to reply to the complaint.  42 U.S.C. § 1997e(g)(2).

2. The Clerk of the Court is directed to issue and send plaintiff two summons, for defendants Daram and Antwong.  The Clerk shall also send plaintiff two copies of the form Consent to Proceed Before United States Magistrate Judge with this order.

3. Unless plaintiff requests and is granted assistance with service, he shall complete service of process on defendants within sixty days from the date of this order in accordance with Federal Rule of Civil Procedure 4.  Plaintiff shall serve a copy of this order on defendants at the time the summons and complaint are served.

4. Defendants shall reply to the complaint within the time provided in Federal Rule of Civil Procedure 12(a).

5. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Federal Rules of Civil Procedure 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule 110, shall be briefed pursuant to Local Rule 230(l).  Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion.  L.R. 230(l).  Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.  Opposition to all other motions need be filed only as directed by the court.

6. If plaintiff is released from prison while this case is pending, any party may request application of the other provisions of Local Rule 230 in lieu of Local Rule 230(l).  Until such a

motion is granted, Local Rule 230(l) will govern all motions described in paragraph 5 above regardless of plaintiff's custodial status.  L.R. 102(d).

7. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the following requirements for opposing a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Such a motion is a request for an order for judgment in favor of the defendant without trial.  A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with counter-affidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.  Fed. R. Civ. P. 56(d).  If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

////

8. If defendant moves for summary judgment, defendant must contemporaneously serve with the motion, but in a separate document, a copy of the attached Rand Notice. See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). **Failure to do so may constitute grounds for denial of the motion.**

9. On April 3, 2014, the United States Court of Appeals for the Ninth Circuit overruled Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), with respect to the proper procedural device for raising the issue of administrative exhaustion. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Following the decision in Albino, a defendant may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the amended complaint, or (2) a motion for summary judgment. Albino, 747 F.3d at 1166, 1169-70 (quotation marks omitted). An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. Albino, 747 F.3d at 1168. The court encourages defendant to bring motions raising exhaustion issues early in the case. Id. at 1170-71.

10. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

11. Each party proceeding without counsel shall keep the court informed of a current address at all times while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." A notice of change of address must be properly served on other parties. Service of documents at the address of record for a party is fully effective. L.R. 182(f). A party's failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

12. The Clerk of the Court shall serve on plaintiff a copy of the Local Rules of Court.

13. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. See Fed. R. Civ. P. 41(b).

14. the Clerk of Court shall randomly assign a district judge to this action.

**IT IS FURTHER RECOMMENDED** that the Eighth Amendment claim against defendant Antwong be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 13, 2023

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE