UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEL TORO, | No. 2:22-cv-0725 DJC AC P |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| VASUKI DARAM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.

On January 3, 2024, the court ordered the United States Marshal to serve process upon defendant Schultz. ECF No. 44. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendant. Id. If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service. Id.

On August 26, 2024, the United States Marshal filed a return of service with a USM-285 form showing total charges of $921.04 for effecting personal service on defendant Schultz. ECF

No. 51. The form shows that a waiver of service form was mailed to the defendant on January 29, 2024, and that no response was received. Id. The waiver was re-sent by electronic means on May 28, 2024, with no response. Id.

Rule 4(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. . . .
>
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A)  the expenses later incurred in making service; and
>
> (B)  the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(1), (2)(A), (B).

The court finds that defendant Schultz was given the opportunity required by Rule 4(d) to waive service and has failed to comply with the request. Additionally, while defendant appears to have been properly served, he has not yet filed a responsive pleading.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one days from the date of this order defendant Schultz shall pay to the United States Marshal the sum of $921.04, unless within that time defendant files a written statement showing good cause for his failure to waive service;

2. Within twenty-one days from the date of this order, defendant Schultz shall show cause why default should not be entered; and

3. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal; Monica Anderson, Supervising Deputy Attorney General; and defendant C. Schultz, c/o C.T. Corporation, 330 N. Brand Blvd., Suite #700, Glendale, CA 91203.

DATED: October 3, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE