UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN DEL TORO,

Plaintiff,

v.

VASUKI DARAM, et al.,

Defendants.

No.  2:22-cv-0725 DJC AC P

ORDER TO SHOW CAUSE

On September 18, 2024, defendant Daram filed a motion for summary judgment.  ECF No. 52.  The time to respond has passed and plaintiff has not opposed the motion.  Good cause appearing, plaintiff will be given one more opportunity to respond to the motion for summary judgment.  Failure to file a response to the motion will result in a recommendation that the claims against defendant Daram be dismissed without prejudice.  For the reasons set forth below, plaintiff will also be required to show cause why defendant Schutlz should not be dismissed for failure to effect timely service.

By order filed March 27, 2023, the court ordered service on defendants under the e-service program.  ECF No. 13.  Under the program, service on behalf of a defendant whom plaintiff identified as "Antwong" could not be waived because the defendant was unable to be identified based on the information provided.  ECF No. 18.  Plaintiff was then ordered to provide additional information for service (ECF No. 19) and proceeded to return service paperwork with a

1

1  notice of submission of documents that stated Antwong's correct name was C. Schultz (ECF No.

2  22).  The court construed the notice of submission of documents as a motion to substitute,

3  substituted C. Schultz for Antwong, and ordered service under the e-service program on Schultz.

4  ECF No. 25.  Process directed to defendant C. Schultz was returned unserved because the

5  California Department of Corrections and Rehabilitation could not identify C. Schultz "as a civil

6  servant with CDCR, CCHCS, or registry provider with Management Solutions" (ECF No. 30),

7  and plaintiff was once again directed to provide additional information for service of defendant

8  (ECF No. 36).  Plaintiff returned the required paperwork (ECF No. 43) and the court directed the

9  United States Marshal to serve defendant Schultz (ECF No. 44).  On August 26, 2024, the United

10  States Marshal filed a return of service with a USM-285 reflecting that personal service was

11  completed on August 19, 2024, after multiple attempts to obtain a waiver and complete personal

12  service.  ECF No. 51.  After Schultz failed to timely respond to the complaint, the court issued an

13  order to show cause, which was served at the address where personal service was completed.

14  ECF No. 54.  On October 15, 2024, the court received a notice that service of the order to show

15  cause was rejected because C.T. Corporation, where service had previously been completed, was

16  not defendant's agent for service.  ECF No. 55.

17      Based on the foregoing, it appears that defendant Schultz was not ever properly served

18  and the order to show cause (ECF No. 54) will be vacated.  Moreover, the United States Marshal

19  has advised that they have no other identifiers for defendant or locations at which to attempt

20  service on him.  The Ninth Circuit has stated that "[i]f the district court is satisfied that the

21  Marshals have fulfilled their obligation to search for a viable address where [defendant] can be

22  served, then it would act within its discretion to dismiss the action against [defendant] under Rule

23  4(m)."  Penton v. Pool, 724 F. App'x 546, 551 (9th Cir. 2018).  The court is satisfied that the

24  Marshals have fulfilled their obligation and plaintiff will be required to show cause why

25  defendant Schultz should not be dismissed for failure to timely effect service on Schultz.  See

26  Fed. R. Civ. P. 4(m) (when a defendant has not been served within ninety days after the complaint

27  is filed the court must dismiss the action against that defendant unless plaintiff can show good

28  cause for the failure).

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Within twenty-one days of the service of this order, plaintiff shall file and serve an

3    opposition to the motion for summary judgment or a statement of non-opposition.  Failure to

4    comply with this order will result in a recommendation that the claims against defendant Daram

5    be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil

6    Procedure 41(b).

7    2.  The October 4, 2024 order to show cause (ECF No. 54) is VACATED.

8    3.  Within twenty-one days of the service of this order, plaintiff shall show cause in

9    writing why defendant Schultz should not be dismissed for failure to effect timely service.

10   Failure to respond or to show good cause for the failure to effect timely service will result in a

11   recommendation that defendant Schultz be dismissed.  See Fed. R. Civ. P. 4(m).

12   DATED: October 18, 2024

13

ALLISON CLAIRE
14   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3